Dear Mr. Webber:
We are in receipt of your request for an Attorney General's opinion regarding the recording of acts. You have presented the following issues for our review:
 1. Is the Parish Recorder of Mortgages required to accept and file any document presented to him?
 2. What constitutes an "act" under R.S. 9:5212 in light of the language in R.S. 9:5206, 5208 and 5210?
 3. Is the Parish Recorder of Mortgages required to index the filing presented as requested by the presenter?
Specifically, you ask these questions as related to the filing of a particular document in your office, a "Declaration in Trespass on Case". You state that at the time of the filing, the author of the document demanded that it be filed in the mortgage records and indexed in the names of the two individuals who allegedly committed the "trespass".
With regard to your first question, it has been and remains the opinion of this office that the parish recorder of mortgages is a ministerial officer who does not have discretion when it comes to recordation of documents in his office. In Attorney General Opinion No. 1946-48, p. 67, our office opined that "it is not within the discretion of the clerk of court and recorder to determine what acts shall be recorded, but that he is required by law to record the acts which are presented to him." We further opined that "the question of the validity or sufficiency of documents presented to him for recordation is one for a judicial determination in appropriate actions by the parties at interest." We reaffirm this conclusion and adopt it herein.
With regard to your second question, the term "act" under R.S.9:5212 is not specifically defined by statute. However, when reading R.S. 9:5212, 5210 and 5205 in pari materia, the term "act" in R.S. 9:5212 seems to refer to conventional, judicial or legal mortgages, privileges, and donations. However, in a broad sense, the term "act" denotes a document, or formal, solemn writing, embodying a legal attestation that something has been done. See, Black's Law Dictionary, Fifth Edition 1979, p. 24. Therefore, it is our opinion that with regard to the requirements of law that the recorder of mortgages and the parish recorders fulfill their duty of recording "acts" which are presented to them for recordation, the term act should be construed to include all documents embodying a legal attestation that something has been done, including, but not limited to, conventional, judicial or legal mortgages, privileges, and donations.
Finally, you inquire as to whose name(s) a document must be indexed in the records. LSA-R.S. 13:901 provides for the requirements for indexing names contained in notarial acts, as follows:
 § 901. Requirements for indexing names contained in notarial acts
 The clerks of the various courts, including the recorder of mortgages and the register of conveyances for the parish of Orleans, shall index any notarial act required to be recorded in the names of the natural persons as recited in the act, including the christian name, middle name or middle initial, and family name of such natural person. In addition, if a woman is a party to a notarial act, such act shall also be indexed in her married name. (Emphasis added.)
The duty to index a document under the names of those persons stated in the act is a mandatory duty. Therefore, it is our opinion that it is your duty to index the document in question under the names of the natural persons as recited in the act. Again, the register of mortgages and the parish recorder performs a ministerial duty in which liability only attaches for the failure
to record acts which are directed to be recorded in their office. (R.S. 9:5214) As we stated in our opinion of 1947, "the question of the validity or sufficiency of documents presented to him (parish recorder) for recordation is one for a judicial determination in appropriate actions by the parties at interest", and the same is true for the question of indexing.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LaPLACE Assistant Attorney General